GARRISON, Judge.
This is an appeal from a judgment of the First City Court rendered July 22, 1983, granting judgment in favor of Jonas Johnson, dismissing plaintiff’s action to recover $633 allegedly owed to her. From that judgment which we affirm, plaintiff appeals.
Portia Hubbard’s husband Nicolas Esti-verne is an attorney. Jonas Johnson was convicted of receiving stolen property and placed on active probation, requiring that he report to his probation officer every other day. Jonas Johnson is a contractor and the reporting requirement “interfered with his business.” Nicolas Estiverne then agreed to represent Jonas Johnson for the purposes of attempting to have his status changed to inactive probation. No fee was charged, but Mr. Johnson agreed to perform construction services on plaintiff’s house.
According to Johnson’s testimony, he removed, replaced, and painted 400 square feet of weather boards, replaced all studs in the section, shored up a “seal”, spent two days painting another section of the house, and fixed a section of the roof and soffit that had rotted. While in the process of fixing the roof, Estiverne asked Johnson about the possibility of putting central air conditioning into the home. Johnson examined the existing ductwork for the heating system and advised Estiverne that it could be done. Johnson testified that about this point in time, he informed Estiverne that although Estiverne was paying for the cost of the material used and Johnson was not charging for this time, he could no longer continue absorbing his workmen’s labor costs and that anything further he wanted done was “strictly on a business basis.” Estiverne testified that Johnson told him he would perform the work for free.
Estiverne apparently called a number of air conditioning sales outlets and was quoted a price of $1900.00. Johnson said that he could get the unit for a cheaper price. Johnson quoted $1640.00 and was given a check for that amount. Johnson and his crew of two men picked up and uncrated the unit and proceeded to mix and pour a 4 foot by 4 foot cement slab on which the unit was to rest. At that time, Estiverne requested that they pour an additional slab in the back of the house as he wanted the hot water heater moved outside of the house. Johnson and his men returned the next day and poured the slab for the water-heater.
Johnson and his crew did not return for several days. Estiverne testified that after Johnson’s delay, he traced the serial num *133 ber on the unit to a local distributor. He returned the unit and discovered that Johnson had only paid $1007.00 for it. Esti-verne, thinking that Johnson was not returning to finish the job, had contacted another contractor who said the unit would not fit in the space. Johnson, who had made the same installation in his own house, said that the unit would fit and that he had told Estiverne he would return to finish the job but that he had a few other construction jobs going in the interim. The distributor issued a $907.00 check ($100.00 return charge) to Johnson which Johnson gave to Estiverne. Johnson further testified that although Estiverne returned the unit, he did not return a number of other items purchased for the job, such as wiring and a thermostat, which items made up the difference in the two amounts, as well as $200 he had to pay his crew.
The trial judge apparently concluded that Johnson agreed to provide his own labor free, but did not intend to absorb the costs of other laborers wages. Additionally, he must have concluded that the work already performed by Mr. Johnson was substantially equal in value to the services performed by Mr. Estiverne such that all indebtedness had been discharged and the obligation underlying the oral contract was fulfilled.
In light of the testimony presented, we cannot conclude that the trial judge was manifestly erroneous in his factual determinations nor can we conclude that any error of law was committed.
For the reasons discussed, the judgment of the First City Court is affirmed.
AFFIRMED.
BARRY, J., concurs.